IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL ROSARIO, | : | 1:10-cv-2600 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WILLIAM A. SCISM, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## February 1, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc.10), filed on January 20, 2011, which recommends that we dismiss Petitioner Israel Rosario's petition for writ of habeas corpus as premature because it does not present a justiciable case or controversy. Petitioner filed objections to the R&R on January 31, 2011. (Doc. 11). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's recommendation and close this case.[1]

---

[1] In the event we rejected his recommendation that the petition be dismissed as premature, Magistrate Judge Carlson engaged in a merits analysis of Rosario's petition. Because we find that the petition is prematurely filed, we shall adopt that recommendation of the

1

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

Rosario is a federal inmate who was sentenced on January 7, 2010 in the United States District Court for the Southern District of Texas to a 24-month term of imprisonment for unlawfully transporting an undocumented alien within the United States for commercial advantage/private financial gain by means of a motor vehicle in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(I) and 18 U.S.C. §

---

Magistrate Judge and dismiss the petition without passing judgment on the Magistrate Judge's alternative recommendation.

2. Rosario has been incarcerated at the Low Security Correctional Institution (LSCI) in Allenwood, Pennsylvania since May 4, 2010.

Rosario's request for relief involves the Second Chance Act, a 2008 federal statute designed to provide prison officials with greater discretion in assisting inmates in making the transition back into society by permitting prison officials to place inmates in Residential Re-entry Centers (RRC) for up to 12 months before they are released from custody. In the instant petition, Rosario takes issue with his Unit Team's initial recommendation of a 60-90 day RRC placement. However, as Magistrate Judge Carlson aptly notes, the Unit Team's recommendation is just that – a recommendation. As of the time of the filing of the petition and up until the writing of the instant Memorandum, no final decision regarding an RRC placement for Rosario has been made by the Bureau of Prisons (BOP).[2] Thus, Rosario's petition seeks to challenge a decision that he anticipates will be made in the future, at a time when that final decision has not yet been made by the BOP.

As this Court has observed:

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern*

---

[2] As Magistrate Judge Carlson notes, the main reason for the delay in making the final decision as to Rosario's RRC placement is a result of Rosario's request that his supervision be transferred from Illinois to Florida. Thus, while the BOP endeavors to receive approval for the transfer of Rosario's supervision, his RRC placement has not been finalized.

> *Kentucky Welfare Rights Org.*, 426 U.S. 26, 37 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has described three elements that comprise the irreducable constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must first "have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical'" *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Next, the injury suffered by the plaintiff must be causally connected to the conduct of which the plaintiff complains: "the injury has to be 'fairly . . .trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Id.* (quoting *Simon*, 426 U.S. at 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.*

*Griffin v. Holt*, No. 08-1028, 2008 WL 5348138, at *2 (M.D. Pa. Dec. 17, 2008).

It is evident to the Court, as it was to Magistrate Judge Carlson, that Rosario's petition cannot be ripe until a final RRC placement decision is made. Within his objections, Rosario fails to make any availing argument to circumvent the fact that the instant petition is premature. Accordingly, we shall adopt Magistrate Judge Carlson's recommendation that this matter be dismissed. An appropriate Order shall issue.